**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-2020**

RELIASTAR LIFE INSURANCE COMPANY,

                Plaintiff - Appellee,

     v.

JOHN B. LASCHKEWITSCH,

                Defendant - Appellant.

**No. 14-2182**

RELIASTAR LIFE INSURANCE COMPANY,

                Plaintiff - Appellee,

     v.

JOHN B. LASCHKEWITSCH,

                Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:13-cv-00210-BO)

Submitted: February 27, 2015       Decided: March 11, 2015

Before WILKINSON, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

_____

John B. Laschkewitsch, Appellant Pro Se.  Christopher J. Blake, NELSON MULLINS RILEY & SCARBOROUGH, LLP, Raleigh, North Carolina; Hutson Brit Smelley, EDISON MCDOWELL & HETHERINGTON, LLP, Houston, Texas, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John B. Laschkewitsch appeals the district court's orders granting summary judgment to ReliaStar Life Insurance Company ("ReliaStar") in his civil action, denying his motion to amend, and granting costs and attorney's fees to ReliaStar. On appeal, Laschkewitsch asserts multiple errors by the district court related to the admission of evidence, fraud, contestability, unfair trade and settlement practices, and breach of contract. We affirm.

We review a district court's grant of summary judgment de novo, applying the same legal standards as the district court and viewing the evidence in the light most favorable to the nonmoving party. Walker v. Mod-U-Kraf Homes, LLC, 775 F.3d 202, 208 (4th Cir. 2014). The district court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation marks omitted). "The nonmoving party cannot create a genuine

issue of material fact through mere speculation or the building of one inference upon another," Othentec Ltd. v. Phelan, 526 F.3d 135, 140 (4th Cir. 2008) (internal quotation marks omitted), and "cannot defeat summary judgment with merely a scintilla of evidence," Am. Arms Int'l v. Herbert, 563 F.3d 78, 82 (4th Cir. 2009). Rather, it "must produce some evidence (more than a scintilla) upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Othentec Ltd., 526 F.3d at 140 (internal quotation marks omitted).

We have reviewed the record and the parties' briefs, and we conclude that the district court did not err. Accordingly, we affirm for the reasons stated by the district court. See ReliaStar Life Ins. Co. v. Laschkewitsch, No. 5:13-cv-00210-BO (E.D.N.C. May 28, 2014 & Sept. 25, 2014). We deny Laschkewitsch's motion to submit new evidence and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4